LARRY EBSEN *v.* STATE OF ARKANSAS

5526                            459 S. W. 2d 548

Opinion delivered November 16, 1970

*E. V. Trimble,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Larry Ebsen, convicted of burglary and grand larceny of Audell's Pharmacy in Pulaski County, primarily questions sufficiency of the evidence to support the jury's verdict.

Appellant was charged with breaking into and removing from Audell's Pharmacy $125 in cash and a radio. The owner testified that when he was called to the store Sunday morning August 17, 1969, he found a plate glass window was broken in (rather than out), that a large piece of the sheet glass was standing up, that a locked drawer containing $125 had been forced open, and the money and a transistor radio were missing. He did not recall that appellant had ever been in the store and was quite certain that he had never seen him before. Little Rock police officer McKinney was the first officer on the scene and observed that most of the broken glass was inside the store, that a drawer appeared to have been forced open, a large piece of glass was leaning upright against something, that he called headquarters for a detective unit and protected the scene until they arrived in about five minutes. Officer Pettyjohn testified that he and Detective Hale went to Audell's in answer to a call; that a plate glass window was out, broken glass inside the store, and a large piece of glass, about three feet wide, was inside leaning against a chair. There were smudges on both sides of the glass. Pettyjohn made five "lifts" of fingerprints from the glass. Pettyjohn turned the prints over to officer Hale at the scene. Detective Hale's testimony was similar, adding that he initialed the prints ("latent fingerprints") which he received from Pettyjohn and eventually sent them to the F. B. I. These were introduced. Officer J. A. O'Kelley testified that as jailer he fingerprinted ("inked fingerprints") appellant on September 9, 1969, and a card of the prints was introduced in evidence. John C. Saunders, an F. B. I. fingerprint

examiner, after qualifying as an expert, testified that the latent fingerprints and the inked fingerprints were made by the same person and used enlargements of the prints to demonstrate the similarities to the jury, and testified that there were 25 points of identity between the inked and latent prints in evidence. The state rested and appellant's motion for a directed verdict was overruled.

Appellant's witness Morris testified that appellant had been with him on Saturday evening August 16 until about 11:00 P.M., while witness worked on his auto, and that he had taken appellant to Audell's one afternoon after work where witness had bought some cold medicine. Appellant corroborated this, and added that he had been to the pharmacy four or five times, could have put his hands on the plate glass window, and did not burglarize the store.

We find the evidence to sustain the jury's verdict. *Nick* v. *State,* 144 Ark. 641, 215 S. W. 899; *Fox* v. *State,* 156 Ark. 428, 246 S. W. 863.

Appellant's second point for reversal is that his attorney did not have time to prepare an adequate defense, which is not argued. However from the record we determine that appellant was arrested on October 10, 1969, and released on bond. On November 4, 1969, he was represented by employed counsel, Allan Dishongh, at his arraignment, at which time the case was set for trial on April 20, 1970. On April 10, 1970, Dishongh filed a motion to be relieved as counsel because appellant had not paid his fee, which was granted. Thereafter, Henry Osterloh was hired, sought a continuance because he had just been hired and wanted to be paid, which motion for continuance the court denied. Osterloh advised appellant April 17 that he would rather not handle the case. E. V. Trimble, appellant's present counsel, was hired April 17, appeared with appellant prior to trial the morning of April 20th and made a motion for a continuance because he had just been hired and had not had time to prepare an adequate defense.

This motion was again denied, the court pointing out that appellant had had since November 4 to prepare for trial. This court has consistently held that continuances are a matter within the discretion of the trial court. No abuse of discretion has been manifested here.

We have considered the points raised in appellant's motion for new trial which were not argued here, and find them without merit.

Affirmed.