Curtis Lee HOLLOWAY v. STATE of Arkansas

CA CR 83-149                                    666 S.W.2d 410

Court of Appeals of Arkansas
Division II
Opinion delivered March 28, 1984

*William R. Simpson, Jr.*, Public Defender, and *Kelly Carithers*, Deputy Public Defender, by: *Carolyn P. Baker*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Deputy Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. The appellant was charged with burglary committed by entering a residence in Jacksonville, Arkansas, with the purpose of committing theft of property. He was tried by the judge without a jury, found guilty, and sentenced to five years in the penitentiary. His sole point on appeal is that the evidence is not sufficient to support his conviction. We agree.

A lady testified that on August 3, 1982, she took her daughter to the doctor and upon returning to her home she noticed that the kitchen window had been broken out and glass was "everywhere" inside the kitchen. She said her black and white portable television set was missing and that she had not given anyone permission to enter the house or take the television. The police were called, and they came to the house and made an investigation. The window above the kitchen sink was broken out and that area was dusted for fingerprints. There was one piece of the broken glass found on the ground outside the house and directly under the

kitchen window. The police lifted a latent fingerprint off this piece of glass and put it on a card which was appropriately labeled.

The officer conducting the investigation testified that he talked to the neighbors to find out whether they had seen anyone suspicious about the neighborhood, but they had not. The case remained open, and in October of 1982 the appellant was at the Jacksonville Police Department on an unrelated matter and was advised that he was a suspect in this matter. He was fingerprinted and the State Crime Laboratory made a positive identification of his right thumbprint as that of the person whose print was taken from the piece of glass from the house broken into August 3, 1982.

The fingerprints were introduced into evidence at the trial of this case. The chief latent prints examiner for the crime lab testified that the appellant's thumbprint was identical to that on the piece of glass. The appellant did not testify and the case was submitted upon the evidence outlined above. On appeal in criminal cases, whether tried by judge or jury, we will affirm if there is substantial evidence to support the finding of the trier of fact. *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980). The appellant concedes the rule, but says the evidence here falls short of the standard.

Substantial evidence is evidence that is of sufficient force and character that it will compel a reasonable mind to reach a conclusion one way or the other, but it must force the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980); *Pickens* v. *State*, 6 Ark. App. 58, 638 S.W.2d 682 (1982). The fact that evidence is circumstantial does not render it insubstantial. *Williams* v. *State*, 258 Ark. 207, 211, 523 S.W.2d 377 (1975). Substantial evidence, in a case depending upon circumstantial evidence, simply means that the proof must go beyond presenting the jury a choice so evenly balanced that a finding of guilt must rest, not on testimony, but on conjecture. *Rode* v. *State*, 274 Ark. 410, 625 S.W.2d 469 (1981), quoting from *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981).

In this case, when the victim returned home, the glass in her kitchen window was broken out and her television set was missing. The only evidence to connect the appellant with the crime was the piece of glass the police found on the ground, outside the house, with the appellant's thumbprint on it. In order to be guilty of burglary a person must enter or remain unlawfully in an occupiable structure of another person with the purpose of committing an offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977). We do not believe that the evidence here is sufficient to support a finding that the appellant was ever inside the victim's house or that he ever touched her television set. A finding that either occurred, it seems to us, would require a choice based more upon conjecture and supposition than upon evidence in the case.

Reversed and dismissed.

CRACRAFT and COOPER, JJ., agree.