Curtis Ray HOWARD *v.* STATE of Arkansas

CR 85-78                                    695 S.W.2d 375

Supreme Court of Arkansas
Opinion delivered September 9, 1985

*William R. Simpson, Jr.*, Public Defender, by: *Jerome T. Kearney*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was found guilty of aggravated robbery and theft of property. His sentence was enhanced to life plus twenty years because of prior convictions. The length of the sentences places jurisdiction in this court. Rule 29(1)(b). The issue is whether fingerprint identification alone is sufficient evidence to sustain the conviction. We hold that it is sufficient and affirm.

On January 28, 1983, at 11:00 p.m., two masked men robbed the Kroger store on Cantrell and Polk streets in Little Rock. One held a pistol and stood guard at the check out counters while the other vaulted over a 12-inch rim of glass atop the 68-inch wall of the nearby office booth, aimed a pistol at the manager's head and took $2,568.00 in cash. Later that night George Moore was identified as the robber who stood guard. He was arrested and pleaded guilty.

Witnesses in the store stated that the robber who vaulted into the booth did so by placing his hand on the glass rim of the office wall and pivoting over it. Detective Ivan Jones, who investigated the robbery, lifted three latent fingerprints and smudges from the inside of the glass rim and a part of a latent palm print from the outside of the glass rim. He transferred the prints to a card for comparison. Jim Beck, an expert in the field of fingerprint identification, compared the latent prints with appellant's known prints. He positively identified one of the latent prints as being made by appellant. In addition, he testified that the latent print was made by a person exerting a twisting pressure on the glass, as distinguished from someone placing their hand on it in a normal manner.

One of the witnesses of the robbery testified that appellant fit

the description of the robber who vaulted over the top of the booth, although the witness could not identify appellant as the robber. The appellant did not take the witness stand.

■■ We have held that fingerprints can constitute evidence which is sufficient to sustain a conviction. *Ebsen* v. *State*, 249 Ark. 477, 459 S.W.2d 548 (1970). Here, appellant's fingerprint, made with a twisting pressure, was removed from the exact place where the robber was seen placing his hand as he vaulted into the booth. Such print identification constitutes substantial evidence that appellant was the robber in the booth.

Appellant contends that in *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984), the Court of Appeals held that a fingerprint is insufficient to support a conviction, and that we should reach the same result. Appellant's reliance on the *Holloway* case is inappropriate. In that case the Court of Appeals merely held that an appellant's fingerprints, which were found on a piece of glass outside of a house, did not constitute substantial evidence that appellant went into the house. We need not decide whether we would follow the case for it is clearly distinguishable from the case at bar.

Affirmed.

PURTLE, J., not participating.