Robert STANDRIDGE *v.* STATE of Arkansas

CR 92-407                                        837 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered September 21, 1992

*Parker, Settle & McCarty*, by: *John W. Settle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of manufacturing a controlled substance. The court of appeals in a three-to-three decision affirmed the conviction. *Standridge* v. *State*, 37 Ark. App. 153, 826 S.W.2d 303 (March 18, 1992). We granted appellant's petition for a writ of certiorari because of the tie vote and because the case merited review. *See Perkins* v. *Perkins*, 267 Ark. 112, 589 S.W.2d 29 (1979). We reverse the decision of the court of appeals and direct it to reverse the judgment of conviction of the circuit court, and, because of the insufficiency of the evidence, dismiss the charge.

During a surveillance flight, the Logan County Sheriff spotted some marijuana plants growing in a small cleared area that was surrounded by dense underbrush in the National Forest near Paris. The Sheriff also saw a Jeep being driven in the general area but, from the air, could not identify any of its occupants. There was no proof to connect the Jeep with appellant. Soon thereafter the Sheriff and some of his deputies drove their police vehicle as close to the marijuana as possible. They then walked and crawled through the twelve to thirteen feet tall underbrush to the clearing, where they found ninety-three marijuana plants and, six to fifteen feet from the edge of the plants, a small igloo type tent. Inside and around the tent they found a sleeping bag, a package of cups, two plastic cups, two metal cups, and a paperback book. An ice chest was found filled with unmelted ice, beer, soft drinks, and luncheon meat. Because it was August, the unmelted ice constituted substantial evidence that someone had just left the tent.

The book, the plastic cups, and the metal cups were submitted to the State Crime Laboratory for an examination by a fingerprint expert. Several latent prints were found on the various items, and the laboratory obtained the known patent prints of four people who were suspected of growing the marijuana. Appellant's known prints were among the four suspects' patent prints. The examiner found appellant's latent thumbprint on one of the plastic cups. The remaining latent prints lifted from the other items found at the scene were never identified. The State's fingerprint expert stated that he had no way of knowing when or

where appellant might have touched the plastic cup. He testified that the print could have been made as much as a year earlier and that the cup could have been "anywhere in the world" when it was touched by appellant. No other evidence linked appellant to the scene or to the manufacture of marijuana.

■ When the sufficiency of the evidence is challenged, we affirm if there is substantial evidence to support the verdict. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force to compel reasonable minds to reach a conclusion that is beyond suspicion and conjecture. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989).

■ We have long held that circumstantial evidence alone may be sufficient to support a conviction. *Hurvey* v. *State*, 298 Ark. 289, 766 S.W.2d 926 (1989). However, we have also said that such evidence must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Pemberton* v. *State*, 292 Ark. 405, 730 S.W.2d 889 (1987).

■ Here, the only evidence that the State offered to connect appellant to the marijuana was the easily movable plastic cup with appellant's thumbprint, which was found beside a tent that was six to fifteen feet from the marijuana plants. There was no evidence to suggest when or where appellant touched the cup, whether he had ever purchased it, or how it came to rest near the marijuana. The evidence was insufficient to compel reasonable minds to conclude that appellant was at the crime scene, and even less sufficient to compel the conclusion that he was engaged in the "manufacture" of marijuana. The evidence could only cause the jurors to suspect that appellant was engaged in the manufacture of marijuana.

In its brief, the State cites us to cases in which we have affirmed convictions on the basis of fingerprints, but those cases are easily distinguished on their facts. For example, in *Howard* v. *State*, 286 Ark. 479, 695 S.W.2d 375 (1985), witnesses saw an unidentifiable masked robber place his hand on a glass rim that was permanently affixed to the top of a five feet tall partition wall in an office. The appellant's latent prints were lifted from the exact place where the masked robber was seen touching the glass. In addition, the appellant fit the description of the masked robber.

The holding of the court of appeals is reversed for orders consistent with this opinion.