Donald Louis BROWN *v.* STATE of Arkansas

CR 92-367                                    837 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered September 21, 1992

*William R. Simpson, Jr.*, Public Defender by: *Bret Qualls*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals from his conviction of burglary and theft of property. He was sentenced as a habitual offender, and he received consecutive sentences totaling thirty-five years. For reversal, he argues (1) that the evidence is insufficient to support his burglary conviction and (2) that the trial court erred in denying his pretrial motion to compel disclosure of a confidential informant. We affirm.

Appellant's convictions arose out of the burglary of the Crow-Burlingame business. When the police arrived at the crime scene, they discovered that a glass door on the southwest side had been broken with a rock or a brick and the safety glass had been peeled back to gain entry to the building. The owner of the business was called, and he determined that over $2500 in property had been taken from the premises. A fingerprint technician was able to lift two fingerprints from inside the broken glass door where the burglar gained entry. Appellant was a suspect, and he was arrested after his prints matched the fingerprints found inside the glass door.

The state argues that we need not address the appellant's sufficiency of the evidence question because he failed to renew his motion for a directed verdict at the end of the case as required under A.R.Cr.P. Rule 36.21(b). The appellant made his directed verdict motion at the end of the state's case and then rested without presenting any evidence. However, the record reflects that the trial judge specifically stated that the appellant renewed all of his motions and the ruling remained the same. Accordingly, we need not address the state's argument.

We treat directed verdict motions as challenges to

the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). This court affirms if there is substantial evidence to support the verdict, and in making this determination we review the evidence in the light most favorable to the appellee. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). The fact that evidence is circumstantial does not render it insubstantial. *Conley* v. *State*, 308 Ark. 70, 821 S.W.2d 783 (1992). Where circumstantial evidence is relied upon, however, it must exclude every other reasonable hypothesis but the guilt of the accused. *Id*.

The state's case against the appellant was entirely circumstantial, consisting of appellant's two fingerprints found inside the broken glass door where entry was made into the Crow-Burlingame building. This court has affirmed convictions where the only evidence the state presented against the defendants was their fingerprints found inside the building. *See Howard* v. *State*, 286 Ark. 479, 695 S.W.2d 375 (1985) (appellant's fingerprints were found on the glass rim of a wall inside the store where the robber had vaulted into the office booth); *Ebsen* v. *State*, 249 Ark. 477, 459 S.W.2d 548 (1970) (a burglar broke a pharmacy's plate glass window to gain entry, and appellant's fingerprints were found on a large piece of broken glass found inside the building). As previously mentioned, the appellant's fingerprints were located on the inside bottom portion of the broken glass door, where the burglar gained entrance by reaching inside to pull out the glass. Such proof is substantial to show the appellant committed the burglary.[1]

We note that the appellant cites *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984), in his argument that his fingerprints were not sufficient evidence to support his conviction. In *Holloway*, the appellant's fingerprints were found on a piece of glass located outside the house where the burglary occurred. Since the appellant's fingerprints were found inside the Crow-Burlingame building, *Holloway* is clearly distinguishable from the present case.

In the second issue, appellant argues that the trial court erred in denying his pretrial motion to disclose a confidential

---

[1] Appellant only challenges the sufficiency of the evidence supporting his burglary conviction.

informant. Under A.R.Cr.P. Rule 17.5(b), disclosure of an informant's identity is not required where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant. The general rule is that when an informant is also a witness or a participant to the criminal incident, the identity of the informant should be disclosed. *James* v. *State*, 280 Ark. 359, 658 S.W.2d 382 (1983). The burden is placed on the defendant to show the existence of any facts or circumstances which would require the identity of the informant. *West* v. *State*, 255 Ark. 668, 501 S.W.2d 771 (1973).

Here, the informant did not testify at the trial but played a role in the police investigation of the burglary. During the hearing on the appellant's motion, the appellant's attorney told the trial judge that the appellant felt he knew the identity of the informant and believed that the informant participated in the crime. No evidence was offered to show that the informant participated in the crime. The appellant's assertion fell short of establishing that the informant was a participant in the crime. Because the appellant failed to present sufficient evidence that the informant participated in the crime, the state's failure to identify the informant was not prejudicial to the appellant's defense. *See Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988).

For the reasons stated above, we affirm the appellant's burglary and theft of property convictions.