Robert TUCKER *v.* STATE of Arkansas

CA CR 93-1224                                            885 S.W.2d 904

Court of Appeals of Arkansas
Division I
Opinion delivered October 26, 1994

*Robert P. Remet*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The appellant, Robert Lee Tucker, Jr., was found guilty by a jury of burglary and sentenced to a fine of $2,000.00.

Appellant's counsel has filed a no-merit brief pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), and a motion asking to be relieved as counsel. In his brief, counsel states that "No Reversible Error Appears of Record." He then provides a "Listing of Denied Defense Objections and Motions."

■ In *Ofochebe* v. *State*, 40 Ark. App. 92, 844 S.W.2d 373 (1992) this court stated:

> The procedure for the filing of a no-merit brief is governed by *Anders* v. *California*, 386 U.S. 738 (1967) and Rule 11(h) [now Rule 4-3(j)] of the Rules of the Supreme Court. The test is not whether counsel thinks the trial court committed no reversible error, but rather whether the points to be raised on appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744. Under *Anders*, the appellate court is also required to make a determination "after a full examination of all the proceedings," whether the case is wholly frivolous. Similarly, Rule 11(h) permits the filing of a no-merit brief only when "the appeal is wholly without merit."

40 Ark. App. at 93, 844 S.W.2d at 374.

Here as in *Ofochebe*, we are not convinced after examining

the record that the appeal is wholly without merit or "so frivolous that it may be decided without any adversary presentation." We do not determine whether error was committed, but merely that the case is not "wholly frivolous."

By way of example there exists in this case at least an issue regarding the sufficiency of the evidence. On the burglary charge, Edward Watson testified that on August 2 he checked the residence of Gordon Kidd; the door was unlocked; and because of some marks on the back of the house by the kitchen window, he went to the police. Officer Rickman returned to the house with Kidd, checked around the side of the house and took prints off the window. They then went inside, saw where the window had been pried open, and observed a shoe print on the kitchen floor. They looked through the house, came back out, lifted some more prints around the window, and then left.

Donald Smith, qualified as an expert in his field of toolmark examiner, testified that he received a left shoe and a partial shoe print; that the results of his examination were inconclusive; he could not identify or exclude "this particular shoe as uniquely responsible for making this print"; it would be fair to say that since it's a mass-produced shoe the sole is similar to every other sole on that particular type of shoe; and that he could not say with certainty "that shoe made that shoe print."

Ralph Turbyfill, an expert witness, testified that a palm print lifted from the window at the Kidd residence matched that of the appellant.

We certainly think that this issue deserves an adversary presentation. *See Brown* v. *State*, 310 Ark. 427, 837 S.W.2d 457 (1992); *Howard* v. *State*, 286 Ark. 479, 695 S.W.2d 375 (1985); *Ebsen* v. *State*, 249 Ark. 477, 459 S.W.2d 548 (1970); *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984).

█ Pursuant to *Anders, supra,* and for the reasons stated, counsel's motion to withdraw is denied, and the case is remanded for rebriefing in adversary form. A new briefing schedule is established to start on October 26, 1994.

Remanded.

JENNINGS, C.J., and PITTMAN, J., agree.