Jason BASHAM *v.* STATE of Arkansas

CA CR 04-963             235 S.W.3d 913

Court of Appeals of Arkansas
Opinion delivered May 17, 2006

*Dustin D. Dyer*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

K AREN R. BAKER, Judge. Jason Basham was convicted in a Saline County jury trial of first-degree terroristic threatening, second-degree sexual assault, second-degree battery, and rape. He was sentenced to a total of forty-four years' imprisonment in the Arkansas Department of Correction.

Appellant's counsel initially filed a motion to withdraw on the grounds that the appeal was without merit pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Arkansas Rules of the Supreme Court and Court of Appeals. On June 29, 2005, we ordered rebriefing on the grounds that appellant's counsel had not briefed all adversarial rulings. On January 11, 2006, we again ordered rebriefing. The terms "wholly frivolous" and "without merit" are often used interchangeably in the *Anders* brief context. Whichever term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and our court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact. *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 439 (1998).

Due to our conclusion that an argument on appeal addressing evidence of prior bad acts pursuant to 404(b) would not be wholly frivolous, counsel's motion to withdraw was denied and we ordered rebriefing in adversary form. *Tucker v. State*, 47 Ark. App. 96, 885 S.W.2d 904 (1994). In this adversarial brief, appellant's sole argument is that the trial court erred in allowing evidence of prior bad acts pursuant to Rule 404(b). He asserts that the State's argument that the similarity of the acts showed absence of mistake or accident is inapplicable under the facts of this case. We find that the trial court did not err and affirm.

The admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the trial court, and we will not reverse absent a showing of manifest abuse. *Medlock v. State*, 79 Ark. App. 447, 89 S.W.3d 357 (2002). The general rule is that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, is not admissible at the trial of the accused. *Anderson v. State*, 357 Ark. 180, 163 S.W.3d 333 (2004). The list of exceptions set out in the rule is exemplary and not exhaustive. *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Testimony is admissible pursuant to Rule 404(b) if it is independently relevant to the main issue, relevant in the sense of tending to prove some material point rather

than merely to prove that the defendant is a criminal or a bad person. *Mosley v. State,* 325 Ark. 469, 929 S.W.2d 693 (1996).

The trial court in this case conducted a hearing on March 9, 2004, to determine the admissibility of the testimony appellant challenges here. The witness testified that approximately three and one-half years before, when she was living with appellant and pregnant with his child, he forced her to have anal sex. She described how when she tried to get away from him and screamed at him to stop, he pushed her down on her stomach and held her down with his body. She stated that appellant eventually ended the painful experience because he became "turned off" by her crying and screaming. This event led to her terminating the relationship.

Appellant's rape conviction on the rape charge arose from appellant anally penetrating his wife with his penis by forcible compulsion while beating her until she could not see, threatening the children, and forcing their young son to witness the attack. The victim testified that appellant first became violent with her when she was pregnant with their first child. The circumstances surrounding the rapes were not identical, but their similarities — that appellant was willing to disregard the wishes of persons with whom he was in intimate relationships and to use force to anally penetrate them — rendered the testimony of the earlier rape admissible.

At trial and on appeal, appellant argued that he and the victim engaged in consensual anal intercourse. However, when appellant's counsel asked appellant whether his wife ever protested in engaging in anal sex, he replied, "Not — not indirect," and then elaborated, "At one point, she said that — at one point she said that, no, she didn't want it that way, at one point[,]" but that he did it that way anyway. On cross-examination, he explained that "she never said no, no, stop that. The only thing she ever said was no, she didn't feel like it[,]" adding "[s]he just said no she didn't feel like anal sex."

This testimony could reasonably be understood to be a claim that appellant mistakenly thought the victim consented. Appellant contends that the plain meaning of the words mistake or accident are inapplicable to this case because no party suggested that appellant had sex with his wife by mistake or accident — he readily admits they had sex. We agree with appellant that the issue was not whether sexual contact occurred. The factual determination to be

made by the fact finder was not whether appellant mistakenly had sex, but whether appellant mistakenly believed the victim had consented to the act.

Although our legislature has not adopted the mistake-of-fact defense to a rape charge, the State of California allows the defense. The case of *People v. Stitely*, 108 P.3d 182 (Cal. 2005) addressed the defense and an examination of the defense aids our analysis. The mistake of fact defense to a rape charge has two components: first, the defendant must have honestly and in good faith, albeit mistakenly, believed that the victim consented to sexual intercourse, which involves evidence of equivocal conduct by the victim that the defendant mistook for consent; second, an objective component asks whether the defendant's mistaken belief regarding consent was reasonable under the circumstances. *See id.* at 208.

█ Therefore, the witness's testimony was relevant to the factual determination of whether appellant honestly and in good faith, albeit mistakenly, believed the victim consented to anal penetration. Accordingly, the trial court did not err in finding the testimony independently relevant to the issue of lack of mistake as to consent.

Affirmed.

ROBBINS, J., agrees.

PITTMAN, C.J., concurs.