## Wishorne TURNER *v.* STATE of Arkansas

CA CR 08-256                                            288 S.W.3d 669

Court of Appeals of Arkansas
Opinion delivered October 8, 2008

*Hancock, Lane & Barrett, PLLC,* by: *Charles D. Hancock,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Eileen W. Harrison,* Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. A jury found appellant, Wishorne Turner, guilty of aggravated robbery, theft of property, and second-degree criminal mischief. On appeal, he argues that the evidence was insufficient to support these convictions, because the only evidence of his guilt was a single fingerprint found on the outside of the victims' truck. We conclude that the State's evidence did not exclude every other reasonable conclusion but that of appellant's guilt, and therefore, we reverse and dismiss.

On July 30, 2007, after 9:00 p.m., Kanisher Caldwell and her husband, Morris, arrived in Pine Bluff after traveling to Kansas City, Missouri, for a family reunion. They made the trip in their

truck, a 2007 Ford F150. While in Kansas City, Kanisher and Morris had the truck detailed so that it could be photographed against the Kansas City skyline. The truck was hand washed, scrubbed with brushes and sprayers, and hand dried.

Back in Pine Bluff, Kanisher dropped Morris off at home, dropped their daughter off with a relative, and returned home. As she exited the truck, a man grabbed her by her neck, put a gun to .her head, and asked for her keys. He pushed her to the house and demanded that she open the door. She then saw two other men. All three men had their faces covered and were armed. Morris came to the door of the residence, and the man who held Kanisher pointed his gun at Morris while the second man pointed his gun at Kanisher. Morris grabbed Kanisher, pulled her inside the residence, and slammed the door shut. Morris heard the truck start, and he exited the residence and fired his shotgun as the truck drove away. Neither Kanisher nor Morris saw who entered the truck. Morris testified that incident occurred at 9:30 or 9:45 p.m.

At 10:17 p.m., Pine Bluff police spotted the truck traveling at a high rate of speed and running a stop sign. During the police pursuit, the driver jumped from the truck. After the truck came to a stop, police noted there were no other occupants. Twenty to thirty minutes later, police found Demante Dorn in a shed. According to one officer, the truck was twenty or twenty-five blocks away from the Caldwell's home.

Two fingerprints were found on the exterior of the truck. A fingerprint found on the driver's door matched one of Dorn's fingerprints. Dorn was also identified as one of the assailants based on Morris's identification of Dorn's clothing and his identification of clothing and a weapon discovered in the shed. A fingerprint was also found "[o]ver on the door handle" on the passenger door, and that fingerprint matched one of appellant's fingerprints.[1] According to the police, appellant's address shown on his state identification card was not close to where the Caldwells resided or where the truck was recovered.

Appellant argues that the State's evidence was insufficient evidence to support the convictions, because the only evidence of his guilt was a single fingerprint and the jury's verdict was based on speculation and conjecture. He observes that his fingerprint was

[1] The exhibit notes that the fingerprint was found on the passenger-side door to the left of the handle.

found on the exterior — not inside — the truck and that the victims did not testify that they saw anyone place a hand on the passenger side of the truck.

On appeal, we view the evidence in the light most favorable to the State and determine whether substantial evidence supports the judgment. *King v. State*, 100 Ark. App. 208, 266 S.W.3d 205 (2007). When the State's case is made entirely of circumstantial evidence, if it leaves the fact-finder to speculation and conjecture, then the evidence is insufficient as a matter of law. *Id.* Two equally reasonable conclusions about what happened raise only a suspicion of guilt, and on appeal, we may consider whether the record, viewed in the light most favorable to the State, presented this situation and required the fact-finder to speculate to convict the defendant. *Id.*

Viewing the evidence in the light most favorable to the State, the victims testified that the truck was in their possession while they traveled out of state, the truck was thoroughly detailed while they were out of state, and they remained in possession of the truck at all times prior to the commission of the crimes. The truck was out of their possession only while it was in the possession of one of the persons who committed the crimes, and that was at night for only thirty to forty-five minutes until the truck was spotted traveling at a high rate of speed by police some twenty or twenty-five blocks away, apparently in high-speed flight from the area in which the crime was committed. Appellant's fingerprint was found on the exterior passenger-door handle, a point of entry into the truck, and appellant did not reside in either the area where the truck was taken or where it was recovered by police.

We acknowledge that appellant's fingerprint on the passenger-door handle could only have been placed on the truck during the brief time, late hour, and limited geographical area while the truck was in the possession of one of the assailants, even though appellant did not reside in the area where the truck was taken or recovered. We conclude, however, that the State's evidence failed to exclude every other reasonable conclusion but that of appellant's guilt.

The victims did not testify that they observed anyone enter the truck on the passenger side. Thus, this case is unlike *Howard v. State*, 286 Ark. 479, 695 S.W.2d 375 (1985), where a masked man was seen touching the place where a fingerprint was discovered and the fingerprint was found to be the defendant's. And because

the fingerprint was not found in the interior of the truck, it is unlike those cases where the conviction was affirmed because the fingerprint was found inside the structure. *Brown v. State*, 310 Ark. 427, 837 S.W.2d 457 (1992); *Phillips v. State*, 88 Ark. App. 17, 194 S.W.3d 222 (2004), *aff'd on other grounds*, 361 Ark. 1, 293 S.W.3d 630 (2005); *Ebsen v. State*, 249 Ark. 477, 459 S.W.2d 548 (1970).

Here, the fingerprint was found on the exterior of the truck, and this court has previously found that a fingerprint found on the exterior of a structure is insufficient to support a conviction. *Smith v. State*, 34 Ark. App. 150, 806 S.W.2d 391 (1991); *Holloway v. State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984). Moreover, unlike several cases affirming convictions on fingerprint evidence, there is no corroborating evidence and appellant's convictions rest entirely on the strength of a fingerprint. *Compare Medlock v. State*, 79 Ark. App. 447, 89 S.W.3d 357 (2002); *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001) (revocation of suspended sentence); *Ashe v. State*, 57 Ark. App. 99, 942 S.W.2d 267 (1997) (affirmed on tie vote); *Tucker v. State*, 50 Ark. App. 203, 901 S.W.2d 865 (1995).

■ It is a reasonable conclusion that appellant innocently touched the truck's passenger-door handle during that limited time, in that limited geographical area, while the truck was in the possession of one of the assailants. The truck was a movable object, and it is reasonable to conclude that, rather than touching the truck as he entered the truck during the aggravated robbery, appellant instead later encountered the truck and touched it at that time. There is simply no way to determine when or where appellant touched the truck even during that discrete time and limited area. Accordingly, we conclude that the evidence was insufficient to support the convictions, as the State's evidence failed to exclude every other reasonable conclusion but that of appellant's guilt. *See Standridge v. State*, 310 Ark. 408, 837 S.W.2d 447 (1992) (holding that a thumbprint on an easily movable cup found beside a tent that was located six to fifteen feet away from marijuana plants was insufficient to prove that the defendant was manufacturing marijuana, as there was no evidence suggesting when or where the defendant touched the cup). Therefore, we reverse and dismiss.

Reversed and dismissed.

GLADWIN and HEFFLEY, JJ., agree.