Isidora Estevez VEGA *v.* STATE of Arkansas

CA CR 88-142 762 S.W.2d 1

Court of Appeals of Arkansas
Division II
Opinion delivered December 21, 1988
[Rehearing denied January 11, 1989.]

*Morris & Hodge*, by: *William H. Hodge*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. On the night of January 19, 1988, appellant and a person accompanying him were arrested without warrants as suspects of a burglary. The appellant's car was impounded and towed to a police facility where an inventory search was conducted. During this process, the officers discovered a quantity of controlled substances and other contraband in the trunk of the car. Appellant was charged and convicted of the crimes of possession of controlled substances with intent to deliver and possessing paraphernalia used in the manufacture of such substances. On appeal, he contends that the trial court erred in not denying his motion to suppress the evidence discovered as a result of a search of his car because the search was made incident to a warrantless arrest for which no probable cause existed. We agree that the evidence should have been suppressed and reverse the conviction.

At the suppression hearing, police officers testified that in the course of the investigation of a burglary they discovered the two stolen articles, a rifle and videocassette recorder, under an abandoned building. They had no suspect for the burglary, but two officers staked out the building hoping to apprehend the burglar if he returned for the stolen property. Sheriff Sam Odell testified that at about 9:30 that evening he saw a car stop in front

of the abandoned building, and that a passenger got out and leaned back in the car as if saying something to the driver. The suspect looked in both directions and then walked toward the abandoned building. The officer did not see him enter the building but assumed that he had because he lost sight of him for "two or three minutes" in the darkness of the porch. The officer then walked toward the building and, as the suspect reemerged from the darkness, placed him under arrest and handcuffed him. At about that same time, the officer observed the vehicle which had brought the suspect to the scene returning toward the building. He ordered it stopped and immediately placed the appellant, the driver of that vehicle, under arrest.

The officer testified that when the occupant of the car emerged from the building he had nothing in his hands and, in fact, his hands were in his pockets. There was no evidence that he had gone to the place under the building where the stolen goods were found or had in any way attempted to remove the goods. No stolen property was ever found in possession of either occupant of the car. The other officer on the stakeout did not observe any of these events, as he was at the rear of the building. However, as officer in charge of the investigation, he authorized the arrest of both individuals as "primary suspects" in the burglary then being investigated. Both officers testified that they made the arrests solely because the two persons were suspects in the burglary case and that they had no information other than that recited herein.

After appellant had been arrested, the officers made a "sweep search" of the vehicle for weapons and contraband but found nothing other than a coffee sack containing a sealed box under the front seat. The officers did not know what the sealed box contained. Appellant's vehicle was impounded and towed to the police facility, where its contents were inventoried. During that process, contraband was discovered in the trunk of the car. All of the evidence sought to be suppressed was found in the search incident to that arrest.

Rules 12.1 and 12.4 of the Arkansas Rules of Criminal Procedure permit a search for limited purposes of the person, property, and vehicle of a lawfully arrested person where the search is substantially contemporaneous with the arrest. Rule 12.6 authorizes the so-called "inventory search" for the protec-

tion of the arrested person to the extent necessary to the safekeeping of the vehicle and its contents. All of these authorized warrantless searches are conditioned, however, upon the arrest to which they are incident being a legal one.

 It is well settled that a police officer may make a warrantless arrest if he has reasonable cause to believe that the person has committed a felony. Ark. R. Crim. P. 4.1. Reasonable cause exists when the officer has knowledge or trustworthy information sufficient to warrant a man of reasonable caution to conclude that an offense has been or is being committed by the person to be arrested. *Gass* v. *State*, 17 Ark. App. 176, 706 S.W.2d 397 (1986). This reasonable cause does not require that degree of proof sufficient to sustain a conviction. However, a mere suspicion or even strong reason to suspect will not suffice. *Roderick* v. *State*, 288 Ark. 360, 705 S.W.2d 433 (1986).

Here, the officers had no reason to arrest the appellant other than his presence near an abandoned building in which stolen goods had earlier been discovered and the fact that a person accompanying him had gone toward that building. The officers were very candid in their statements that they had arrested these persons as suspects in the burglary. Suspicion of burglary, however, is not an offense, and one who is merely suspected of a crime, while possibly subject to brief detention, is not subject to arrest. *Roderick* v. *State,* supra.

 The State contends that the officers had a sufficiently reasonable suspicion to allow them to stop the vehicle and detain appellant under Ark. R. Crim. P. 3.1. The argument must fail because the appellant was not stopped for investigation. He was stopped and immediately arrested without further inquiry. While the officers may have had a specific and articulable reason to suspect appellant, this record falls far short of a showing that they had probable cause to arrest him.

 The State next contends that the motion to suppress the evidence was properly denied because it was untimely filed. Rule 16.2 of the Arkansas Rules of Criminal Procedure provides that objections to the use of evidence on the ground that it was illegally obtained must be made by motion to suppress filed not later than ten days before the date set for trial of the case, except that the court for good cause may entertain a motion to suppress filed

within less than ten days. The State argues that the motion to suppress was filed only six days before the date of trial and was therefore untimely absent a showing of good cause permitting a hearing on the motion.

The record presented to us shows that a motion to suppress was filed and that the court conducted a hearing on it. The State made no objection at that hearing that the motion was untimely, and it presented all of the evidence it had in opposition to the motion. While the trial court might have raised the issue on its own, it did not do so, but heard the motion on its merits. Rule 16.2 does not mandate the denial of every motion which is untimely. In the absence of a timely objection, we cannot conclude that the motion to suppress was not properly before the court or that the court's ruling on it was not properly preserved for review.

We conclude that the appellant's warrantless arrest was not supported by probable cause and that the trial court erred in denying his motion to suppress the evidence discovered as an incident to that arrest. The case is therefore reversed and remanded.

COOPER and MAYFIELD, JJ., agree.