The Honorable Louis McJunkin State Representative Post Office Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This is in response to your request for an opinion, on behalf of the Springdale City Attorney, regarding the authority of a law enforcement officer to issue a citation. The correspondence attached to your request poses the following three questions:
 (1) When a certified law enforcement officer acting within his jurisdiction has reasonable cause to believe that a person has committed the offense of reckless driving (A.C.A. § 27-50-308), a Class B misdemeanor, can the law enforcement officer issue a citation since he has reasonable cause, although the offense did not occur in the officer's presence?
 (2) What if the offense was careless and prohibited driving (A.C.A. § 27-51-104), a violation rather than a misdemeanor, can the certified law enforcement officer issue a citation when he has reasonable cause but the offense did not occur in the officer's presence?
 (3) Assuming the same situation, reasonable cause but the offense not occurring in the officer's presence, and this time it is a violation of a city ordinance, such as "permitting dog to run at large" within the corporate limits of the city, which is punishable under the city ordinance only by fine and not imprisonment. Can the officer, although he has reasonable cause, issue a citation when the offense does not occur in the officer's presence?
It is my opinion that a law enforcement officer who has reasonable cause to believe that a person has committed either a misdemeanor or a violation may issue a citation. Accordingly, the answer to each of your questions is "yes."
Question 1 — When a certified law enforcement officer acting within hisjurisdiction has reasonable cause to believe that a person has committedthe offense of reckless driving (A.C.A. § 27-50-308), a Class Bmisdemeanor, can the law enforcement officer issue a citation since hehas reasonable cause, although the offense did not occur in the officer'spresence?
A violation of A.C.A. § 27-50-308 (Repl. 1994), entitled "Reckless driving," is a misdemeanor. A.C.A. § 27-50-304 (Repl. 1994); A.C.A. §27-50-308. Rule 5.2(a) of the Arkansas Rules of Criminal Procedure provides:
 A law enforcement officer in the field acting without a warrant who has reasonable cause to believe that a person has committed any misdemeanor may issue a citation in lieu of arrest or continued custody.[1]
The Commentary to Article III of the Rules of Criminal Procedure provides that Rule 5.2:
 [P]ermits the issuance of a citation in a case in which the officer is not empowered to make an arrest without a warrant. An officer called to the place where a petty misdemeanor has been committed may not have authority to make an arrest under [Rule 4.1], because though there is reasonable cause, the offense did not take place in his presence.
See also American Law Institute Model Code of Pre-Arraignment Procedure
§ 120.2 (Proposed Official Draft No. 1: April 10, 1972).
Consequently, it is my opinion that if a law enforcement officer has reasonable cause to believe that a person has violated A.C.A. §27-50-308, the officer may issue that person a citation even though the offense did not occur in the officer's presence.[2] See Op. Att'y Gen. Nos. 96-021 and 94-268.
Question 2 — What if the offense was careless and prohibited driving(A.C.A. § 27-51-104), a violation rather than a misdemeanor, can thecertified law enforcement officer issue a citation when he has reasonablecause but the offense did not occur in the officer's presence?
A person who violates A.C.A. § 27-51-104 (Supp. 1995), entitled "Careless and prohibited driving," shall be "subject to a fine not to exceed one hundred dollars ($100)." A.C.A. § 27-51-104(c). An offense is a "violation" for purposes of the Arkansas Criminal Code if the statute defining the offense provides that no sentence other than a fine is authorized upon conviction. A.C.A. § 5-1-108 (b) (Repl. 1993). Although Ark. R. Crim. P. 5.2(a) refers only to a misdemeanor, I have previously opined that the rule would be interpreted to confer authority to issue citations with respect to violations. Op. Att'y Gen. No. 96-021 (copy enclosed). I concluded that "violations," as a type of offense, are not mentioned in the Rules of Criminal Procedure; however, I opined that Rule 5.2(a) was intended to mean that citations may not be issued with respect to felonies on the officer's initiative only, but may be issued by him or her with respect to misdemeanor and lesser offenses. Id. I concluded that if the rule were interpreted otherwise, an officer could issue a citation to a person to be charged with a misdemeanor, but would be compelled to arrest a person to be charged with a violation, an offense of lesser gravity than a misdemeanor. Id. In accordance, it is my opinion that if a law enforcement officer has reasonable cause to believe that a person has violated A.C.A. § 27-51-104, the officer may issue that person a citation even though the offense did not occur in the officer's presence.
Question 3 — Assuming the same situation, reasonable cause but theoffense not occurring in the officer's presence, and this time it is aviolation of a city ordinance, such as "permitting dog to run at large"within the corporate limits of the city, which is punishable under thecity ordinance only by fine and not imprisonment. Can the officer,although he has reasonable cause, issue a citation when the offense doesnot occur in the officer's presence?
The Arkansas Supreme Court has commented that pursuant to Article III of the Arkansas Rules of Criminal Procedure, misdemeanors and violations of city ordinances may be charged by the issuance of a warrant, citation, or summons to command an accused to court. Archer v. Benton County CircuitCourt, 316 Ark. 477, 872 S.W.2d 397 (1994). Also, as discussed in my response to Question 2, an offense is a "violation" if the "statute defining the offense provides that no sentence other than a fine, or fine or forfeiture, or civil penalty is authorized upon conviction." A.C.A. §5-1-108(b). Arkansas Code Annotated § 5-1-102(20) (Supp. 1995) provides that the term "statute" includes any ordinance of a political subdivision of this state. In accordance, I have opined that the definition of a "violation" under the criminal code includes the violation of a city ordinance. Op. Att'y Gen. No. 91-164; see also A.C.A. § 14-55-601(a) (1987) (ordinances of municipal corporations may be enforced by the imposition of fines, forfeitures, and penalties); Op. Att'y Gen. No.94-171 (municipalities do have authority to punish acts which the laws of the state do not make a misdemeanor, but may not prescribe a penalty of imprisonment for such offenses). Consequently, it is my opinion that if a law enforcement officer has reasonable cause to believe that a person has violated a city ordinance, the officer may issue that person a citation even though the offense did not occur in the officer's presence. See
Response to Question 2.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] "`Citation' means a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time." Ark. R. Crim. P. 5.1(a).
[2] Reasonable cause exists when the officer has knowledge or trustworthy information sufficient to warrant a man of reasonable caution to conclude that an offense has been committed. Vega v. State,26 Ark. App. 172, 762 S.W.2d 1 (1988). Reasonable cause does not require that degree of proof sufficient to sustain a conviction; however, a mere suspicion or even strong reason to suspect will not suffice. Id.