Larry Kenneth BUTLER *v*. STATE of Arkansas

CR 91-250                           829 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered May 4, 1992
[Rehearing denied June 1, 1992.]

*Don Lloyd Cook*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

Jack Holt, Jr., Chief Justice. The primary issue in this case is whether the trial court erred in denying the motion of the appellant, Larry Butler, to suppress all evidence obtained from the warrantless entry of Springdale police officers into Butler's home for the purpose of arresting him on a disorderly conduct charge. We find that it did and reverse and remand.

The underlying facts of this novel situation show that on October 22, 1989, Butler called the Springdale Police Depart-

ment to complain of a disturbance in his neighborhood. Officer Rusty Sudduth responded to the call. Apparently, communication between Butler and Officer Sudduth, on the front porch of Butler's home, deteriorated due to the barking and growling of Butler's dog while they were trying to talk. As a result, Butler asked his wife to call for another police officer and reentered his home; Officer Sudduth followed and told him that he was under arrest for disorderly conduct. It is disputed as to when Officer Sudduth told Butler that he was under arrest; Butler claims that Officer Sudduth told him after the officer had entered his home, and Officer Sudduth claims that he told Butler while crossing the doorway threshhold. It is not disputed that Officer Sudduth did not place Butler under arrest while they were both on Butler's front porch.

After Butler had reentered his home, he spoke on the telephone with the Springdale Police dispatcher; shortly thereafter, Sergeant Steve Clark arrived, entered the home, and advised Butler that he was under arrest for disorderly conduct. While Butler was still talking on the telephone with the dispatcher, Officer Sudduth unplugged the telephone. Sgt. Clark placed Butler's right wrist in a wrist lock, and Officer Sudduth grasped Butler's left elbow and forearm, which was in a sling because Butler had broken his left arm. When Officer Sudduth touched Butler's left arm, Butler screamed and fell on the floor. An ambulance was called, and Butler was taken to the hospital; he was arrested upon release.

Butler was charged in the Springdale Municipal Court with disorderly conduct and refusal to submit to arrest. On June 1, 1990, Butler was found not guilty of the disorderly conduct charge and guilty on the refusal to submit to arrest charge. He was sentenced to ten days in the Springdale City Jail, fined $100.00 dollars, and assessed $52.25 in court costs.

Butler appealed to the Washington County Circuit Court, and on May 2, 1991, the trial court found him guilty of refusal to submit to arrest and sentenced him to 15 days in jail, along with a fine of $200.00 and court costs in the amount of $62.75.

Now on appeal, Butler asserts three points of error: 1) that the trial court erred in denying his motion to suppress all evidence from the time of the illegal entry into his home, 2) that the trial

court erred in not holding that Ark. Code Ann. § 5-54-103(b)(3) (Supp. 1991) was unconstitutional in that it is violative of the Fourth Amendment of the Constitution of the United States, and 3) that the trial court erred in allowing evidence of testimony from a municipal court trial into a *de novo* circuit court appeal and allowed the prosecutor to act as a witness. We find Butler's first argument persuasive and reverse and remand.

As an initial matter, the State asserts that this argument is not preserved for appeal on the basis that A.R.Cr.P. Rule 16.2(b) provides that a defendant is to make a motion to suppress evidence at least ten days in advance of the trial date, except that the court for good cause shown may entertain a motion to suppress at a later time. In this case, on the date of Butler's trial, Butler orally asked the trial court to suppress evidence of his arrest on the basis that the arrest was unlawful. The trial court took the motion under advisement pending the hearing of testimony relating to the issue. The trial commenced, and, after the close of all of the evidence, the trial court determined that once Officer Sudduth had reasonable cause to effect the arrest, he could lawfully follow Butler into his residence to effectuate the arrest. The trial court then overruled Butler's motion to suppress evidence and found that the arrest was legal under the circumstances.

We note that the State did not object at trial to Butler's motion being untimely, but instead presented all of the evidence it had in opposition to the motion. While the trial court might have raised the issue on its own, it did not do so, but heard the motion on its merits. Rule 16.2 does not mandate the denial of every motion which is untimely, and in the absence of a timely objection, we cannot conclude that the motion to suppress was not properly before the trial court or that the trial court's ruling on it was not properly preserved for review. *See Vega* v. *State*, 26 Ark. App. 172, 762 S.W.2d 1 (1989).

Butler's claim that the trial court erred in denying his motion to suppress all evidence from the time of the illegal entry into his home is a federal issue. *United States* v. *United States District Court*, 407 U.S. 297 (1972); *Johnston* v. *United States*, 333 U.S. 10 (1948).

We find the United States Supreme Court case of

*Welsh* v. *Wisconsin*, 466 U.S. 740 (1984), to be instructive. In that case, the Supreme Court held that a warrantless, nighttime entry into a home to arrest an individual for driving while under the influence of an intoxicant was prohibited by the Fourth Amendment. The Court stated:

> It is axiomatic that the 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. And a principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment on agents of the government who seek to enter the home for purposes of search or arrest. It is not suprising, therefore, that the Court has recognized, as 'a basic principle of Fourth Amendment law,' that searches and seizures inside a home without a warrant are presumptively unreasonable.

> Consistently with these long-recognized principles, the Court decided in *Payton* v. *New York*, 445 U.S. 573 (1980), that warrantless felony arrests in the home are prohibited by the Fourth Amendment, absent probable cause and exigent circumstances. . . . Prior decisions of this Court, however, have emphasized that exceptions to the warrant requirement are 'few in number and carefully delineated,' when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.

> Our hesitation in finding exigent circumstances, especially when warrantless arrests in the home are at issue, is particularly appropriate when the underlying offense for which there is probable cause to arrest is relatively minor. Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. When the government's interest is only to arrest for a minor offense, the presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistratge.

> This is not a novel idea. Writing in concurrence in

*McDonald* v. *United States*, 335 U.S. 451 (1948), Justice Jackson explained why a finding of exigent circumstances to justify a warrantless home entry should be severely restricted when only a minor offense has been committed:

> Even if one were to conclude that urgent circumstances might justify a forced entry without a warrant, no such emergency was present in this case. This method of law enforcement displays a shocking lack of all sense of proportion. Whether there is reasonable necessity for a search without waiting to obtain a warrant certainly depends somewhat upon the gravity of the offense thought to be in progress as well as the hazards of the method of attempting to reach it. . . . It is to me a shocking proposition that private homes, even quarters in a tenement, may be indiscrimately invaded at the discretion of any suspicious police officer engaged in following up offenses that involve no violence or threats of it. While I should be human enough to apply the letter of the law with some indulgence to officers acting to deal with threats or crimes of violence which endanger life or security, it is notable that few of the searches found by this Court to be unlawful dealt with that category of crime. . . . When an officer undertakes to act as his own magistrate, he ought to be in a position to justify it by pointing to some real immediate and serious consequences if he postponed action to get a warrant.

[W]e note that it is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor.

We therefore conclude that the common-sense approach utilized by most lower courts is required by the Fourth Amendment prohibition on 'unreasonable searches and seizures,' and hold that an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made. Moreover, although no exigency is created simply because there is probable cause to believe that a serious crime has been committed, application of the

exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense, such as the kind at issue in this case, has been committed.

In *Mitchell* v. *State*, 294 Ark. 264, 742 S.W.2d 895 (1988), we stated that in order to enter a residence or private dwelling without violation of the fourth amendment prohibition against unreasonable searches, both probable cause and exigent circumstances must be present. Exigent circumstances are those requiring immediate aid or action, and, while there is no definite list of what constitutes exigent circumstances, several established examples include the risk of removal or destruction of evidence, danger to the lives of police officers or others, and the hot pursuit of a suspect.

Arkansas Code Ann. § 5-71-207 (1987) addresses disorderly conduct and provides that it is a Class C misdemeanor, which allows for imprisonment not to exceed thirty days and a fine not to exceed $100.00. Ark. Code Ann. §§ 5-4-401(b)(3) and 201(b)(3) (1987). Accordingly, in the statutory scheme of criminal offenses, the crime of disorderly conduct is a minor offense.

The State contends that the warrantless entry into Butler's home was predicated under the "hot pursuit" exception to the warrant requirement. However, even though Officer Sudduth might have been under the impression that he was in continuous pursuit of Butler for what he considered to be the crime of disorderly conduct, of which Butler was subsequently found to be not guilty, the crime is a minor offense; since the crime is a minor offense, under these circumstances there is no exigent circumstance that would allow Officer Sudduth's warrantless entry into Butler's home for what is concededly, at most, a petty disturbance. There is certainly no exigent circumstance requiring immediate aid or action; consequently, the application of the exigent circumstances exception to the requirement of a warrant for home entry in this context is, therefore, inapplicable, and the police officers' actions were unreasonable behavior that the principles of the Fourth Amendment will not sanction.

As Butler's first argument is determinative of the case, we see no need to address his remaining points of error.

Reversed and remanded.