Frank HILTON *v.* STATE of Arkansas

·CA CR 02-265                                    96 S.W.3d 757   ·

Court of Appeals of Arkansas
Division II
Opinion delivered January 29, 2003

*William H. Craig* and *Ralph M. Cloar, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. Appellant Frank Hilton was convicted in the Pulaski County Circuit Court of driving while intoxicated, third offense, and driving on a suspended license. Hilton was sentenced to ninety days in jail and a $1,500 fine. On appeal, Hilton argues that the trial court erred in denying his motion to exclude the results of his breathalyzer test because (1) his arrest was not supported by probable cause and (2) the implied consent law did not apply. We affirm.

On April 7, 2000, at approximately 11:45 p.m., Hilton was stopped at a sobriety checkpoint operated by the Arkansas State Police on Highway 10. When Sergeant Keith Eremea approached Hilton's vehicle, he testified that he immediately noticed a strong odor of intoxicants coming from the vehicle. Eremea stated that he asked Hilton if he had anything to drink that night and that Hilton told him that he had something to drink. Eremea testified that he asked Hilton to step out of his vehicle and to take a portable breath test, which he refused. Eremea also testified that when Hilton stepped out of the vehicle, he determined that the strong odor of intoxicants was coming from Hilton. In addition, Eremea testified that Hilton's eyes were bloodshot. Hilton was then arrested and transported to the police station, where he signed an implied consent form and was given a certified breathalyzer test. The results of the test showed Hilton's blood alcohol to be .11 percent.

Hilton argues that the trial court erred in denying his motion to exclude the results of the breathalyzer test because his arrest was not supported by probable cause. The State contends that Hilton's claim that his arrest was not supported by probable cause is not preserved for appellate review. In making this argument, the State relies on *Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998), and *Cole v. State*, 68 Ark. App. 294, 6 S.W.3d

805 (1999). In *Stewart, supra,* the defendant filed a motion to suppress prior to trial and was granted permission by the trial court to consider her motion for suppression simultaneously with the evidence. The State argued that her claim that the trial court erred in denying her motion was not preserved because she failed to contemporaneously object when the evidence was introduced at trial. *Id.* However, the court held that in a bench trial, it is not necessary to make a contemporaneous objection when the contested evidence is offered if the defendant renewed the previously filed motion to suppress at the beginning of the trial, and the trial court agreed to consider the motion simultaneously with the evidence on the merits. *Id.* The court recognized the general rule that an objection contemporaneous with the alleged error is required to preserve the issue for appeal, but stated that, under these circumstances, there is no risk that the trial court will be unfamiliar with the nature of the objection. *Id.*

In *Cole v. State, supra,* the defendant filed a motion to suppress prior to trial, which was not ruled upon, and did not renew his motion at the beginning of the trial, nor did he object when the contested evidence was offered. It was not until the State had rested its case that the defendant made an oral motion to suppress and to dismiss the charges. *Id.* The court discussed *Stewart, supra,* and held that the defendant's argument pertaining to the denial of his motion was not preserved for review. *Id.*

■ In the present case, Hilton filed a written motion to suppress prior to trial, but the record reflects that the motion was not ruled upon by the trial court. Although Hilton failed to renew his motion to suppress at the beginning of trial, Hilton did object when the breath-test results were admitted at trial, and he argued that the evidence should be excluded because of the lack of probable cause. The trial court denied Hilton's motion at that time. In addition, Hilton argued that the results should be excluded as part of his motion to dismiss, which the trial court again denied. This case can be distinguished from *Stewart, supra,* and *Cole, supra,* because Hilton did make a contemporaneous objection when the contested evidence was introduced. Although there are no cases involving the particular situation in this case, a review of *Stewart, Cole,* and other cases leads us to the conclusion

that Hilton's argument is preserved for our review. *See Vaughn v. State*, 338 Ark. 220, 992 S.W.2d 785 (1999) (stating that where defendant filed a pretrial motion to suppress that was not ruled upon, defendant was required to renew objection and obtain ruling when that evidence was introduced at trial to preserve issue for appeal); *Holt v. State*, 15 Ark. App. 269, 692 S.W.2d 265 (1985) (holding that argument was not preserved where defendant did not file a pretrial motion to suppress and did not object or make a motion to exclude the evidence until his motion to dismiss at the close of all of the evidence).

■ In reviewing the denial of a motion to suppress evidence, the appellate court makes an independent examination based upon the totality of the circumstances and reverses only if the decision is clearly against the preponderance of the evidence. *Foster v. State*, 66 Ark. App. 183, 991 S.W.2d 135 (1999). A determination of the preponderance of the evidence depends heavily on questions of credibility and weight to be given the testimony, and this court defers to the superior position of the trial court on those questions. *Campbell v. State*, 27 Ark. App. 82, 766 S.W.2d 940 (1989).

■ Hilton first argues that the breathalyzer test results should have been excluded because the police lacked probable cause to arrest him for driving while intoxicated. Arkansas Rule of Criminal Procedure 4.1(a)(ii)(C) authorizes a warrantless arrest when the officer has reasonable cause to believe that the person has committed a traffic offense involving driving a vehicle while under the influence of an intoxicating liquor. Probable cause to arrest is defined as "a reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that a crime has been committed by the person suspected." *King v. State*, 75 Ark. App. 405, 58 S.W.3d 875 (2001) (quoting *Hines v. State*, 289 Ark. 50, 709 S.W.2d 65 (1986)). Probable cause to arrest does not require the quantum of proof necessary to support a conviction, and in assessing the existence of probable cause, the appellate court's review is liberal rather than strict. *Id.* In addition, on appeal, the legality of an arrest is presumed and the burden is on appellant to establish its illegality. *Id.*

Sergeant Eremea testified that he smelled a strong odor of intoxicants on Hilton and that Hilton's eyes were bloodshot. Eremea also testified that Hilton admitted to having had something to drink that night. In addition, Eremea stated that Hilton refused to take a portable breath test, which is evidence of his consciousness of guilt. *Medlock v. State,* 332 Ark. 106, 964 S.W.2d 196 (1998) (affirming conviction for driving while intoxicated and finding that defendant's refusal to take breathalyzer test is relevant evidence of defendant's knowledge or consciousness of guilt). Hilton argues that these observations are not enough to establish probable cause to arrest him. However, a police officer's observations with regard to the smell of alcohol and other physical characteristics consistent with intoxication can constitute competent evidence to support a charge of driving while intoxicated. *See State v. Johnson,* 326 Ark. 189, 931 S.W.2d 760 (1996) (court held that trial court erroneously granted directed verdict in favor of defendant on charge of driving while intoxicated, when officers testified that defendant had an odor of intoxicants, slurred speech, bloodshot eyes, and where defendant admitted to having had a few drinks); *Gavin v. State,* 309 Ark. 158, 827 S.W.2d 161 (1992) (where court stated that officer's testimony that defendant smelled of alcohol, had red eyes, poor balance, and that he admitted to having consumed a couple of beers was sufficient to support conviction for driving while intoxicated). Given that the same quantum of proof is not necessary to support the finding of probable cause to arrest as is required to sustain a conviction, *King v. State, supra,* we conclude that Eremea's observations with regard to the smell of alcohol and Hilton's bloodshot eyes, in addition to Hilton's refusal to take the portable breath test and his admission that he had been drinking, is sufficient to sustain the trial court's ruling that there was probable cause to arrest Hilton for driving while intoxicated.

In a related argument, Hilton contends that the trial court should have excluded the results of his breathalyzer test because the implied consent law did not apply in his situation. The version of Ark. Code Ann. § 5-65-202(a) (Repl. 1997) in effect at the time of Hilton's offense states:

(a) any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this state shall be deemed to have given consent, subject to the provisions of Ark. Code Ann. § 5-65-203, to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:

(1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood; or

(2) The person is involved in an accident while operating or in actual physical control of a motor vehicle; or

(3) At the time the person is arrested for driving while intoxicated, the law enforcement officer has reasonable cause to believe that the person, while operating or in actual physical control of a motor vehicle, is intoxicated or has one-tenth of one percent (0.10%) or more of alcohol in his or her blood.

Hilton argues that section 5-65-202(a)(3) did not apply because Eremea did not have reasonable cause to believe that he was intoxicated. However, as discussed above, Eremea's observations of the smell of alcohol and Hilton's bloodshot eyes, coupled with the fact that Hilton refused a portable breath test and admitted to Eremea that he had been drinking, were sufficient to constitute reasonable cause that he was intoxicated. Thus, the trial court's ruling denying Hilton's motion to suppress the breathalyzer results is not clearly against the preponderance of the evidence.

Affirmed.

GLADWIN and NEAL, JJ., agree.