KENNETH S. HIXSON, Judge, dissenting. |RI dissent from the majority opinion only as it relates to the denial of Stutte’s motion to suppress because binding federal and state supreme court case law mandates it. There is a clear line of demarcation between warrantless arrests and arrests with a warrant. That clear line is the entrance to the home. I agree that Officer Hargis had a reasonable and constitutional basis for initiating a traffic stop based on his observation of one or more misdemeanor violations. Stutte was cited for careless and prohibited driving, although he was not cited for speeding. Hargis could legitimately initiate a traffic stop in order to determine whether Stutte was driving while intoxicated, although the officer candidly admitted that the evidence to support probable cause for arrest did not develop until the officer entered Stutte’s home. The majority opinion holds that Hargis could have cited Stutte for Class A misdemeanor fleeing, although Hargis did not cite Stutte for fleeing. None of those misdemeanors, even if supported by probable cause, would provide a constitutionally sound basis for warrantless entry into Stutte’s home to search, seize, or arrest Stutte. Binding precedent requires this inescapable legal conclusion. The Fourth Amendment provides all citizens with protection from unreasonable searches and seizures. The physical entry into the home is the “chief evil” against which the wording of the Fourth Amendment is directed, and the principal means of protecting that sacred space is the warrant requirement before entry into a citizen’s home for the purpose of search or arrest. Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The Fourth Amendment sets a “firm line at the entrance to the house” or “home.” Welsh, supra; Payton, supra. The State bears the burden of establishing that any ^warrantless entry into the home is justified. Welsh, supra; Payton, supra; Norris v. State, 338 Ark. 397, 993 S.W.2d 918 (1999). Exceptions to the warrant requirement are few and carefully delineated, and the State bears a heavy burden to overcome that requirement. Welsh, supra; Payton, supra; Norris, supra. This is as it should be in a free society. Assuming arguendo that probable cause for arrest on any of the aforementioned misdemeanors was in existence prior to Officer Hargis’s entry into Stutte’s home, the Fourth Amendment would require the State to prove exigent circumstances to justify warrantless entry into the home. Those exigent circumstances are simply not present. First-offense DWI in Arkansas, an unclassified misdemeanor, is considered a “serious” but “minor” offense as it relates to the Fourth Amendment’s protections. Norris, supra. The Norris court specifically held: It is true that this Court and the legislature of this State have recognized driving while intoxicated as a serious offense. The question then becomes whether, in the statutory scheme of criminal offenses, the seriousness of DWI, first offense, rises to the level that would warrant violation of the Fourth Amendment’s special protection afforded to the individual in his home, as articulated in Payton, supra, and Welsh. We hold that it does not. 338 Ark. at 403, 993 S.W.2d at 922. The gravity of the crime is an important consideration when deciding whether exigent circumstances are present, and the supreme court has previously held that first-offense misdemeanor DWI does not rise to the level required to do away with the warrant requirement. Norris, supra. Once a suspected impaired driver is in the home and out of his vehicle, the State’s interest in avoiding the destruction of evidence (blood-alcohol-level dissipation) and public safety (the driver potentially returning to his vehicle to reenter the 1 mpublic roadway as a safety hazard) do not qualify as “exigent circumstances” for purposes of doing away with the requirement of a warrant before entry. Norris, supra. “Hot pursuit” is the only other potential exigent circumstance that would support entry into the home without a warrant. Butler v. State, 309 Ark. 211, 829 S.W.2d 412 (1992). “Hot pursuit” is not a valid exigency when the offense is “minor,” nor does a valid exigency arise simply by the existence of probable cause to believe that a “serious” crime has been committed. Id. The majority herein distinguishes the pertinent precedents on their facts; however, I cannot distinguish those same precedents on their constitutional principles. The police officers had other legitimate options readily available. Specifically, the police officers could have obtained an arrest warrant from the appropriate judge and returned to Stutte’s home to effectuate an arrest with a warrant. This is precisely the available option discussed by the Arkansas Supreme Court in Butler. The United States Supreme Court in Welsh held that: Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. When the government’s interest is only to arrest for a minor offense, the presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate. 466 U.S. at 750,104 S.Ct. 2091. “Regardless of how brief or slight the intrusion, or how weighty the public interest, ‘an individual’s reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field.’ ” State v. Allen, 2013 Ark. 35, at 5, 425]uS.W.3d 753, 757 (citing Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979)). However noble the law enforcement officer’s intentions or distasteful Stutte’s behavior, we are duty-bound to uphold the Constitution and to adhere to binding Arkansas and United States Supreme Court precedent. For the foregoing reasons, I dissent. PITTMAN, J., joins.