
SLIP OPINION

Cite as 2014 Ark. App. 618

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-118

| | |
|---|---|
| ALTON SCOTT MOODY **APPELLANT** | **Opinion Delivered** November 5, 2014 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-12-2265] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE HERBERT WRIGHT, JUDGE |
| | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Alton Moody was found guilty of possession of methamphetamine with intent to deliver and two counts of possession of drug paraphernalia. At his bench trial, Moody orally moved to suppress evidence that had been seized from his vehicle. The circuit court denied the motion. Moody's sole argument on appeal is that the circuit court erred in denying his suppression motion. We find no error and affirm.

As noted above, Moody's appeal challenges the circuit court's denial of his suppression motion. Our standard of review for a trial court's decision to grant or deny a motion to suppress requires us to make an independent determination based on the totality of the circumstances, to review findings of historical facts for clear error, and to determine whether those facts give rise to reasonable suspicion or probable cause, while giving due weight to

inferences drawn by the trial court. *Robinson v. State*, 2014 Ark. 101, 431 S.W.3d 877; *Holsombach v. State*, 368 Ark. 415, 421, 246 S.W.3d 871, 876 (2007). We defer to the superiority of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing. *Jackson v. State*, 2013 Ark. 201, 427 S.W.3d 607. We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Ritter v. State*, 2011 Ark. 427, 385 S.W.3d 740.

The facts relevant to the suppression issue were developed at the beginning of Moody's bench trial. Arkansas State Police Trooper Stephen Briggs was inside the Valero convenience store on Colonel Glenn Road in Little Rock to get something to drink when he overheard a man on his cell phone say that he had lost $3200. The man also asked, "what was he supposed to do, go back and get his dope?" Briggs bought his drink and went back to his vehicle, and, based on what he had overheard, he decided to watch the man, who subsequently went outside and got into a white Cadillac DeVille.

At some point thereafter, a maroon Nissan pickup truck pulled up and parked on the passenger side of the Cadillac.[1] The driver of the Nissan got out and met with the man in the Cadillac. The two men went to the trunk of the Cadillac and leaned down into the vehicle, and Briggs then saw the driver of the Nissan—later identified as Moody—place something in his back left pocket. Both men walked to the driver's side of the Nissan. Trooper Briggs and Officer Matthew Blasingame, who was also on the scene, approached the two men.

---

[1] The driver of the Cadillac, Broderick Carr, was charged in the same information as Moody with one count of delivery of methamphetamine.

Blasingame saw, in plain view on the driver's seat of the Nissan, a clear plastic baggie containing two more clear plastic baggies in which there was a white crystallized substance. Blasingame suspected the white substance was methamphetamine. After Blasingame made this observation, Briggs then made contact with both men, advised that he was law enforcement, and told them to get on the ground. Blasingame seized the white substance and turned it over to Briggs.

After the presentation of these historical facts, Moody asked the circuit court to suppress the evidence. Moody argued that, absent Briggs's overhearing the phone call inside the convenience store, there was no evidence of any suspicious activity that would give rise to a reasonable suspicion that a felony was being committed. The circuit court denied his motion, and the case proceeded to trial. The State introduced evidence that there were numerous bags of methamphetamine in a pouch in Moody's truck, along with "several items of paraphernalia," including a digital scale, a spoon with residue, a pipe, and numerous small plastic baggies. The total weight of the methamphetamine was over 132 grams. The circuit court found Moody guilty of one count of possession of methamphetamine with intent to deliver and two counts of possession of drug paraphernalia.

On appeal, Moody argues that the circuit court erred in denying his motion to suppress because the investigating and arresting officers did not have reasonable suspicion that he was involved in the commission of a felony. He further asserts that the officers made a warrantless arrest without probable cause, and because there was no probable cause for his

3

arrest, the resulting search was illegal. We disagree because we conclude that there was probable cause for Moody's arrest.[2]

A law enforcement officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed a felony. *Smith v. State*, 2011 Ark. App. 439. Probable cause to arrest is defined as "a reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that a crime has been committed by the person suspected." *Stutte v. State*, 2014 Ark. App. 139, at 4, 432 S.W.3d 661, 664; *Hilton v. State*, 80 Ark. App. 401, 405, 96 S.W.3d 757, 760 (2003). Probable cause to arrest does not require the quantum of proof necessary to support a conviction, and in assessing the existence of probable cause, the appellate court's review is liberal rather than strict. *Stutte, supra.* We look to the facts within the arresting officer's knowledge—not his stated reasoning—to determine whether those facts are sufficient to permit a person of reasonable caution to believe that an offense has been committed. *Banks v. State*, 2010 Ark. App. 383. Moreover, probable cause to arrest without a warrant may be evaluated on the basis of the collective information of the police. *Starr v. State*, 297 Ark. 26, 759 S.W.2d 535 (1988).

Here, Moody's vehicle was parked in a public parking lot. Blasingame lawfully approached the vehicle and observed the plastic baggies containing a white crystalline

---

[2]Because reasonable suspicion is a less-demanding standard than probable cause, *see Alabama v. White*, 496 U.S. 325 (1990); *Davis v. State*, 2013 Ark. App. 658, 430 S.W.3d 190, and we have concluded that the officers had probable cause to effectuate a warrantless arrest, we do not address Moody's argument that the officers lacked reasonable suspicion.

substance on the front seat of Moody's truck, and he testified that he saw the methamphetamine before Briggs ordered Moody to the ground. While this testimony came during the trial, and after the hearing on the motion to suppress, this court may rely on trial testimony to affirm the circuit court's suppression ruling. *Charland v. State*, 2011 Ark. App. 4, 380 S.W.3d 465. At the point that Blasingame observed methamphetamine in Moody's vehicle, reasonable cause existed to believe that Moody had committed a felony. Accordingly, the warrantless arrest was justified, and the circuit court did not err in refusing to suppress the evidence seized as a result of the arrest.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Richard Grasby*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.