SLIP OPINION

Cite as 2015 Ark. 296

# SUPREME COURT OF ARKANSAS

No.

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CRIMINAL PRACTICE—ARKANSAS RULE OF APPELLATE PROCEDURE–CRIM. 2 AND ARKANSAS RULE OF CRIMINAL PROCEDURE 37.2 | **Opinion Delivered** June 25, 2015 |

## PER CURIAM

The Arkansas Supreme Court Committee on Criminal Practice proposed to allow limited-implementation of the "mail-box rule." The proposal was published for comment. *See In re Arkansas Supreme Court Committee on Criminal Practice–Arkansas Rule of Appellate Procedure–Crim.2 and Arkansas Rule of Criminal Procedure 37.2*, 2015 Ark. 129 (per curiam). The amendments to Ark. R. App. P.–Crim. 2 and Ark. R. Crim. P. 37.2 provide that a notice of appeal or a Rule 37 petition filed pro se by an inmate shall be deemed filed on the date of deposit in the facility's legal mail system if certain conditions are satisfied.

We adopt the committee's recommendation and amend Ark. R. App. P.–Crim. 2 (b) and Ark. R. Crim. P. 37.2 (g), as set out below, and republish the rules. The amendments are effective September 1, 2015.

### Rules of Appellate Procedure-Criminal

**Rule 2.  Time and method of taking appeal.**

. . . .

(b) *Time for Filing*.

SLIP OPINION

(1) A notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered. Upon timely filing in the trial court of a post-trial motion, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

(2) A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule. No additional fees will be required for filing an amended notice of appeal.

(3) *Inmate filing*. If a person confined in a correctional or detention facility files a pro se notice of appeal from a judgment of conviction in circuit court or from a circuit court judgment denying postconviction relief under Arkansas Rule of Criminal Procedure 37, and the notice is not timely under subdivision (a) or (b) of this rule, it shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied:

(i) on the date the notice of appeal is deposited in the mail, the appellant is confined

in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; and

(ii) the notice of appeal is filed pro se; and

(iii) the notice of appeal is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and

(iv) the notice of appeal contains a notarized statement by the appellant as follows:

**"I declare under penalty of perjury:**

**that I am incarcerated in**_____[*name of facility*];

**that I am filing this notice of appeal pro se;**

**that the notice of appeal is being deposited in the facility's legal mail system on** _____[*date*];

**that first-class postage has been prepaid; and**

**that the notice of appeal is being mailed to** _____ [*list the name and address of each person served with a copy of the notice of appeal*].

_____

**(Signature)**

**[NOTARY]"**

SLIP OPINION

The envelope in which the notice of appeal is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of the appeal.

. . . .

**Reporter's Notes, 2015 Amendment.**

The 2015 amendment added subsection (b)(3). It is based on the federal "mailbox rule," Fed. R. App. P. 4(c). It is limited to appeals from convictions or denials of Rule 37 relief and applies only to pro se inmates.

**Rules of Criminal Procedure**

**Rule 37.2. Commencement of proceedings; pleadings.**

. . . .

(c)(i) If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. If a petition is filed before the entry of judgment, the petition shall be treated as filed on the day after the entry of judgment.

(ii) If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court. If a petition is filed after a conviction is affirmed by the appellate court but before the mandate is issued, the petition shall be treated as filed on the

day after the mandate is issued.

(iii) In the event an appeal was dismissed, the petition must be filed in the appropriate circuit court within sixty (60) days of the date the appeal was dismissed.

(iv) If the appellate court affirms the conviction but reverses the sentence, the petition must be filed as provided in subsection (ii) within sixty (60) days of a mandate following an appeal taken after resentencing. If no appeal is taken after resentencing, then the petition must be filed as provided in subsection (i) with the appropriate circuit court within ninety (90) days of the entry of the judgment.

(d) The decision of the court in any proceeding under this rule shall be final when the judgment is rendered. No petition for rehearing shall be considered.

(e) Before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court.

(f) Within twenty (20) days after service of a petition under this rule, the state may file a response thereto with evidence of service on opposing counsel or on the petitioner if he or she is acting pro se.

(g) *Inmate filing.* For purposes of subsection (c) of this rule, a petition filed pro se by a person confined in a correctional or detention facility that is not timely under the provisions of subsection (c) of this rule shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied:

(i) on the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility

that maintains a system designed for legal mail; and

(ii) the petition is filed pro se; and

(iii) the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and

(iv) the petition contains a notarized statement by the petitioner as follows:

**"I declare under penalty of perjury:**

**that I am incarcerated in**_____[*name of facility*]**;**

**that I am filing this petition pro se;**

**that the petition is being deposited in the facility's legal mail system on** _____[*date*]**;**

**that first–class postage has been prepaid; and**

**that the petition is being mailed to** _____ [*list the name and address of each person served with a copy of the petition*].

_____

**(Signature)**

**[NOTARY]**"

The envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition.

**Reporter's Notes, 2015 Amendment**.

The 2015 amendment added subsection (g).  The amendment is patterned after the federal "mailbox rule," Fed. R. App. P. 4(c). It is limited to petitions filed by pro se inmates.