
SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-15-518

| | | |
|---|---|---|
| ALTON S. MOODY | | **Opinion Delivered** September 24, 2015 |
| | PETITIONER | |
| | | PRO SE MOTION FOR RULE ON CLERK |
| V. | | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-2265] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

Following petitioner Alton S. Moody's conviction on drug charges at a bench trial in the Pulaski County Circuit Court, the Arkansas Court of Appeals affirmed the judgment. *Moody v. State*, 2014 Ark. App. 618, 446 S.W.3d 652. Moody then filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that the trial court dismissed by an order entered January 29, 2015. Moody tendered the record to this court, and our clerk declined to lodge the record because the notice of appeal was not timely filed. Moody then filed a motion for rule on clerk in which he contends that the notice of appeal was in fact timely. We dismiss the appeal.

A petitioner has the right to appeal a ruling on a petition for postconviction relief. *Bean v. State*, 2014 Ark. 440 (per curiam); *see also State v. Boyette*, 362 Ark. 27, 207 S.W.3d 488 (2005). If a petitioner fails to file a timely notice of appeal, however, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper

SLIP OPINION

procedure. *Bean*, 2014 Ark. 440.

Arkansas Rule of Appellate Procedure–Criminal 2(a) requires that a notice of appeal must be filed within thirty days of the date that an order denying a petition for postconviction relief was entered. The thirtieth day from the January 29, 2015 order denying relief fell on February 28, 2015, which was a Saturday. Because the end of the required period fell on a weekend day, the last day for filing the notice of appeal was Monday, March 2, 2015. Ark. R. Crim. P. 1.4. Moody's notice of appeal was file-marked on March 3, 2015.

Moody asserts that this failure to follow procedure should be excused because the circuit clerk failed to file his notice of appeal as of the date that it was tendered. He points to a photocopy of what appears to be an envelope addressed to the circuit clerk from Moody that was contained in the record and that was included by the clerk as a part of the filed notice of appeal. That envelope bears a stamp noting that it was received by the clerk on March 2, 2015. Moody also asserts that the prison mail-box rule should apply. This court adopted limited implementation of that rule through amendments effective September 1, 2015. *In re Ark. Sup. Ct. Comm. on Criminal Practice—Ark. R. App. P.–Crim. 2 & Ark. R. Crim. P. 37.2*, 2015 Ark. 296 (per curiam).

The State filed no response to dispute Moody's claim that the notice of appeal was received by the circuit clerk on the last day for filing. While, arguendo, the notice of appeal was timely tendered, this does not end our review. It is clear from the record that Moody could not prevail on his petition for postconviction relief.

Although the trial court found that the mandate issued affirming Moody's conviction on

December 1, 2014, and that the Rule 37.1 petition filed January 27, 2015, was timely, he was wrong.[1] Under Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from the judgment of conviction, a petition for relief under Rule 37.1 must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. *Barrow v. State*, 2012 Ark. 197. The time limitations in Rule 37.2 are jurisdictional in nature, and, if the petition was not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.

The trial court incorrectly found that the mandate issued on December 1, 2014. The docket of the Arkansas Court of Appeals indicates that the mandate of that court affirming Moody's conviction in 60CR-12-2265 was issued on November 25, 2014. The sixtieth day following the issuance of the mandate therefore fell on Saturday, January 24, 2015. Moody's Rule 37.1 petition must have been filed no later than Monday, January 26, 2015, under the Rule.[2]

Because the record does not demonstrate that the trial court had jurisdiction to grant relief on the petition, which was not timely filed, we dismiss the appeal.

Appeal dismissed.

---

[1]The envelope that appears in the record with the petition reflects that it was received on the same date that it was filed.

[2]The record does not contain any indication that the Garland County courthouse was closed on Monday, January 26, 2015. Without a record that establishes jurisdiction in the trial court to reach the merits of the petition, we must assume that the court did not have jurisdiction. *See State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 838; *see also Meraz v. State*, 2010 Ark. 121 (per curiam). It is an appellant's burden to bring up a record sufficient for this court to grant relief. *Tilson v. State*, 2015 Ark. 36 (per curiam); *see also Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.